IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Ottoniel Harding, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-15 |
| | § | |
| Se Ik Kim and JS Logistics, Inc., | § | **Jury Trial Demanded** |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ottoniel Harding, (hereinafter "Plaintiff"), complaining of JS Logistics, Inc. and Se Ik Kim (collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

### I. Discovery

1. Discovery in this matter may be conducted according to the Federal Rules of Civil Procedure.

### II. Jurisdiction and Venue

2. This Court has jurisdiction because complete diversity exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Venue is proper because the events giving rise to this lawsuit occurred in this district. 28 U.S.C. § 1391(b).

### III. Parties

3. Plaintiff Ottoniel Harding is a resident of Texas.

4. Defendant JS Logistics Systems, Inc. ("JS Logistics") is a Maryland corporation with its principal place of business in Maryland. This Defendant may be served with process

through its registered agent, John Shin, Esquire, 10440 Little Patuxent Parkway, Suite 328, Columbia, Maryland 21044.

5. Defendant Se Ik Kim is a natural person and resident of Virginia. This Defendant may be served with process at his personal residence at 117 Wineberry Way, Yorktown, Virginia 23692, or wherever he may be found.

### IV. Facts

6. On or about November 7, 2021, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving north on K Avenue in Plano, Texas when he was suddenly and unexpectedly struck by Defendant Kim.  At the time of the accident, Defendant Kim failed to keep a proper look out, failed to yield the right of way, and made an unsafe right turn. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured his neck, back, spine and other parts of his body.

7. At all relevant times, Defendant Kim was acting in the course and scope of his employment with Defendant JS Logistics and acting in furtherance of a mission for Defendant JS Logistics' benefit and subject to its control. Additionally, Defendant Kim was driving a vehicle owned and maintained by Defendant JS Logistics and was operating the vehicle under Defendant JS Logistics' commercial operating authority.

### V. Causes of Action

A.   *Negligence and Gross Negligence (Against All Defendants)*

8. Plaintiff repeats and realleges each allegation contained above.

9. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to control his speed;

- Failed to maintain a safe distance;

- Failed to yield the right of way;

- Failed to make a safe right turn;

- Failed to operate the vehicle safely;

- Failed to properly supervise its employees;

- Failed to properly train its employees;

- Failed to prudently supervise the job;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent and grossly negligent.

10. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury.  Plaintiff is entitled to recover for his injuries.

11. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

B. *<u>Negligence Per Se (Against All Defendants)</u>*

12. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.101, 545.103, and 545.401.

13. Plaintiff is a member of the class that Texas Transportation Code Sections 545.101, 545.103, and 545.401 were designed to protect.

14. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.101, 545.103, and 545.401 proximately caused Plaintiff's injuries described herein.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST JS LOGISTICS

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kim was within the course and scope of employment for Defendant JS Logistics.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kim was engaged in the furtherance of Defendant JS Logistics' business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kim was engaged in accomplishing a task for which Defendant JS Logistics was employed.

18. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant JS Logistics.

### AGENCY

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant JS Logistics, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant JS Logistics.

20. Therefore Defendant JS Logistics is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C.	*<u>Negligent Hiring (Against Defendant JS Logistics)</u>*

21.	Plaintiff repeats and realleges each allegation contained above.

22.	Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Kim as a potential employee.

- Failure to properly follow up on information not provided by Defendant Kim in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Kim's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Kim.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D.	*<u>Negligent Training (Against Defendant JS Logistics)</u>*

23.	Plaintiff repeats and realleges each allegation contained above.

24.	Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Kim.

- Failure to provide the necessary training to Defendant Kim regarding

5

        driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Kim, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

E. *Negligent Supervision, Retention, and Monitoring (Against Defendant JS Logistics)*

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Kim to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Kim to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Kim, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Kim to insure that he was keeping the

6

vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. *Negligent Entrustment (Against Defendant JS Logistics)*

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Kim who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

### G. *Ratification (Against Defendant JS Logistics)*

29. Plaintiff repeats and realleges each allegation contained above.

30. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Kim after he committed the underlying tortious acts;

- Knew of Defendant Kim's tortious acts;

- Recognized that Defendant Kim will likely continue to be negligent if he is retained;

- Recognized that Defendant Kim will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Kim from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Kim's negligent and grossly negligent conduct after Defendant JS Logistics gained knowledge of the conduct.

31. As a result of Defendant Kim's negligent and grossly negligent conduct, which Defendant JS Logistics ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI. Damages

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. Plaintiff affirmatively states the matter in controversy exceeds the sum of $75,000. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VII. **Prayer**

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII. **Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

/s/ *Stafford Davis*

Stafford Davis
State Bar No. 24054605
Catherine Bartles
State Bar No. 24104849
**THE STAFFORD DAVIS FIRM, PC**
The People's Petroleum Building
102 North College Avenue, Suite 1300
Tyler, Texas 75702
(903) 593-7000 (Office)
(903) 705-7369 (Fax)
sdavis@stafforddavisfirm.com

Kurt B. Arnold
SBN:  24036150
karnold@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800

Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**